**In re James E. MITCHELL and Diane C. Mitchell, Debtors.**

**James E. MITCHELL and Diane C. Mitchell, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 87–01176.**
**Adv. No. A87–06711.**

United States Bankruptcy Court,
W.D. Washington,
at Seattle.

Jan. 16, 1990.

## AMENDED OPINION ON MOTION FOR RECONSIDERATION

SAMUEL J. STEINER, Chief Judge.

The United States has moved for reconsideration of the Court's conclusion that under Section 6701 of the Internal Revenue Code the appropriate penalty to be assessed against Mitchell for his involvement in the preparation and/or approval of the false tax return of Cascade Hydro for the year 1985 is $10,000. 109 B.R. 434. The Government maintains that the penalty should be $1,000 per shareholder, that is a total of $34,000.

Cascade Hydro is a Subchapter S corporation. The Government argues that a distinction must be drawn between such a corporation and other types of corporations for the purpose of calculating penalties under Section 6701, in that a Subchapter S corporation has no tax liability because the taxes, credits and deductions are passed through to the shareholders. The Government also contends in effect that the corporate return of Cascade Hydro was only a portion of the return, and that the full return included the K-1 forms that were sent to the shareholders for inclusion in their individual tax returns; and at the very least, the information contained in the return of a Subchapter S corporation is used to prepare the K-1's that are intended to be used by the individual shareholders.

In support, the Government cites the case of *Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill.1988).

In response, Mitchell relies on the fact that he did not prepare the 1985 return for Cascade Hydro, nor did he personally prepare the K–1 forms sent to the stockholders. Mitchell admits that he reviewed and approved the 1985 corporate return. However, it is certainly assumable if not admitted that the data upon which the return was based was supplied to the preparer by Mitchell.

On a policy and/or equitable basis, there is much to be said for the Government's position. However, Section 6701 specifically provides: "If the return, affidavit, claim or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000". The statute does not draw a distinction between Subchapter S corporations and other types of corporations; and this Court concludes that the plain wording of Section 6701 controls. In short, if Congress had intended to draw a distinction between Subchapter S and other corporations, it would have done so.

The failure to make such a distinction may create an inequitable result or a gap in the law. However, it is not the function of this Court to fill the gap or to correct a Congressional omission.

As to the *Kuchan* case, the facts show that Kuchan, an accountant, was involved in an abusive tax shelter of a firm known as Price Coal & Energy. Kuchan prepared the Price corporate returns. In 1983, 1984 and 1985, Kuchan prepared a transmittal letter that was sent to each of the investors in Price Coal. Copies of the letter were attached to pre-prepared Schedule C's which were also sent to the investors. The letter referred to the Schedule C and indicated the royalties were deductible as a business expense in connection with the investors' personal returns. The Court concluded that the preparation and mailing of the transmittal letters constituted a violation of Section 6701 and that the appropriate penalty was $1,000 per investor.

In this case, there is no evidence of similar actions by Mitchell. Accordingly, this Court concludes that the *Kuchan* case is not in point and respectfully declines to follow it for the reasons previously set forth.