In re James E. MITCHELL and Diane C. Mitchell, Debtors.

James E. MITCHELL; Diane C. Mitchell, Appellees,

v.

UNITED STATES of America, Appellant.

No. 91–35392.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 19, 1992.

Decided Oct. 9, 1992.

Shirley D. Peterson, Asst. Atty. Gen., U.S. Dept. of Justice, Washington, D.C., for appellant.

James E. Mitchell, in pro per, for appellee.

Before: WRIGHT, BEEZER and LEAVY, Circuit Judges.

BEEZER, Circuit Judge:

We consider whether a person, who has some involvement in the filing of an "S corporation" tax return and its related Forms K–1 that will result in understatements of income tax, should pay an aiding and abetting penalty for each K–1. 26 U.S.C. § 6701(a), (b) (1988). This core adversary proceeding began in the bankruptcy court, the judgment of which the district court affirmed. Both courts agree that James Mitchell is liable only for a single $10,000 penalty because the return at issue is that of a corporation. *Mitchell v. United States (In re Mitchell)*, 109 B.R. 434 (Bankr.W.D.Wash.1989), *amended*, 109 B.R. 441 (Bankr.W.D.Wash.), *aff'd*, 90–2 U.S. Tax Cas. (CCH) ¶ 50,495, 1990 WL 142016 (W.D.Wash.1990). We have jurisdiction over the district court's affirmance of the bankruptcy court's final order, 28 U.S.C. §§ 158(d), 1291, and we reverse.

I

Mitchell organized and operated a tax shelter (Cascade Hydro) that invested in hydroelectric dams in Whatcom County, Washington. The projects were not successful, and the shelter improperly passed deductions on to investors. Mitchell argued before the bankruptcy court that he did not have the requisite knowledge to support imposition of an aiding and abetting penalty. The bankruptcy court disa-

greed and the district court affirmed determining that a § 6701(a) aiding and abetting penalty was warranted. *Mitchell,* 109 B.R. at 438, *aff'd,* 90–2 U.S.Tax Cas. (CCH) ¶ 50,495, at 85,633. The question whether an aiding and abetting penalty was warranted is not before us.

The issue before us is the amount of the penalty Mitchell was assessed for 1985.[1] In 1985, Mitchell incorporated Cascade Hydro as an S corporation, which afforded both limited liability and the capacity to pass tax deductions on to the investors. *See generally Cornelius v. Commissioner,* 494 F.2d 465, 468–69 (5th Cir.1974) (explaining how an S corporation simultaneously affords the advantages of the corporate business form and the partnership tax regime). The government sought a penalty of $34,000 for 1985—$1,000 for each S corporation K–1 issued.

The bankruptcy court penalized Mitchell only $10,000 for 1985. In response to the government's motion for reconsideration, the bankruptcy court stated:

> Mitchell relies on the fact that he did not prepare the 1985 return for [the tax shelter], nor did he personally prepare the K–1 forms sent to the stockholders. Mitchell admits that he reviewed and approved the 1985 corporate return. However, it is certainly assumable if not admitted that the data upon which the return was based was supplied to the preparer by Mitchell.

*Mitchell,* 109 B.R. at 442. The bankruptcy court went on to distinguish Mitchell's behind the scenes involvement from the direct involvement of an accountant in *Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill. 1988), who had prepared corporate returns and had prepared a transmittal letter, which was attached to Schedule Cs (self-employment income) that were mailed to tax shelter investors. *Mitchell,* 109 B.R. at 442, *amending* 109 B.R. at 439 (§ 6701 requires direct involvement and evidence showed only that Mitchell prepared the corporate return, not "the returns of the indi-

vidual shareholders") (basing $10,000 penalty on corporate penalty provision, § 6701(b)(2)).

The district court treated Mitchell's lack of direct involvement as a finding of fact and affirmed:

> [The accountant in *Kuchan*] prepared the "transmittal letter" sent to [the tax shelter] investors in 1983, 1984 and 1985: precisely the direct involvement in the false or fraudulent tax returns of the individual ... shareholders that the bankruptcy court found absent here.

*Mitchell,* 90–2 U.S.Tax Cas. (CCH) ¶ 50,495, at 85,636. The district court then criticized the government's "core declaration that [the] corporate income tax return for 1985 'does *not* relate to the tax liability of a corporation.'" *Id.* The government appeals the determination of the amount of the 1985 penalty.

## II

■ We confront a statutory construction issue of first impression in this circuit. We review *de novo* statutory construction, which is a pure question of law. *United States v. McConney,* 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied,* 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

■ Statutory construction always starts with the language of the statute itself. This starting point is the ending point when the statute clearly and unambiguously expresses Congress' intent. *United States v. Ron Pair Enters.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). Particular phrases must be construed in light of the overall purpose and structure of the whole statutory scheme. *Dole v. United Steelworkers,* 494 U.S. 26, 35, 110 S.Ct. 929, 934, 108 L.Ed.2d 23 (1990). A court looks to the legislative history if the statute is unclear. *Blum v. Stenson,* 465 U.S. 886, 896, 104 S.Ct. 1541, 1547, 79 L.Ed.2d 891 (1984).

■ The relevant portions of the statute are as follows:

> for each of 32 Forms K–1 issued to the tax shelter investors. The amount of the 1984 penalty is not disputed.

---

1. In 1984, Cascade Hydro was a partnership. Pursuant to 26 U.S.C. § 6701(b)(1), the bankruptcy court penalized Mitchell $32,000—$1,000

**Penalties for aiding and abetting understatement of tax liability**

**(a) Imposition of penalty.**—Any person—

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document in connection with any matter arising under the internal revenue laws,

(2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) will result in an understatement of the liability for tax of another person,

shall pay a penalty with respect to each such document in the amount determined under subsection (b).

**(b) Amount of penalty.**—

(1) **In general.**—Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.

(2) **Corporations.**—If the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000.

(3) **Only 1 penalty per person per period.**—If any person is subject to a penalty under subsection (a) with respect to any document relating to any taxpayer for any taxable period (or where there is no taxable period, any taxable event), such person shall not be subject to a penalty under subsection (a) with respect to any other document relating to such taxpayer for such taxable period (or event).

26 U.S.C. § 6701 (1988).

The basic structure of the statute requires us first to identify any documents that aid and abet the understatement of another person's tax liability. § 6701(a). Then we quantify the liability associated with each of the documents so identified. § 6701(b).

The Sixth Circuit addressed § 6701 penalties in *Mullikin v. United States,* 952 F.2d 920 (6th Cir.1991), *petition for cert. filed,* —— U.S. ——, 113 S.Ct. 85, 121 L.Ed.2d 49 (1992). James Mullikin kept the books for Vanco International, Inc. (Vanco). He did not account for cash wages, which resulted in understatements (1) of Vanco's liability for payroll and withholding taxes on its Forms 941 for the eight quarters in 1982 and 1983, and (2) of the taxable income on Forms W–2 for nine employees in 1982 and ten in 1983. The IRS sought 8 $10,000 penalties under § 6701(b)(2) and 19 $1,000 penalties under § 6701(b)(1), for a total of $99,000. *Id.* at 921–23.

The *Mullikin* district court held that the 1982 penalties were time-barred, and that Mullikin was subject to only one penalty per year for the Form 941 understatements. It assessed a total penalty of $20,000; $10,000 for one 1983 Form 941 understatement and $10,000 for 10 1983 Form W–2 understatements. *Id.* at 922 & n. 1. The Sixth Circuit reversed, holding that there was no time bar, *id.* at 922, 924–29, and that for purposes of Forms 941, each quarter was a taxable period. *Id.* at 922, 930–32. The Sixth Circuit found no other error by the district court, and remanded. *Id.* at 933.

The Sixth Circuit clearly approved the district court's construction of § 6701 imposing penalties based on which taxpayer's liability was understated. The Sixth Circuit also recognized that interrelated tax records could provide a basis for simultaneously imposing penalties under the individual and corporate provisions of § 6701, with § 6701(b)(3) placing the limit on the amount of the penalties. As we explain below, we agree with the Sixth Circuit's sensible construction of these aspects of § 6701.[2]

The first requirement of § 6701(a)(1) is that the person to be penalized must "aid[ ] or assist[ ] in, procure[ ], or advise[ ] with respect to." Mitchell supplied the information for the S corporation return and its related Forms K–1. He employed Jerry

---

**2.** We have no occasion to examine the Sixth Circuit's analysis as to either the statute of limi-

tations or the meaning of "taxable period" with respect to a Form 941.

Stewart to prepare the returns, and then he reviewed and signed them. *Mitchell*, 90–2 U.S.Tax Cas. (CCH) ¶ 50,495, at 85,636. In fact, before the bankruptcy court the parties agreed "that Mitchell aided or assisted in the preparation and/or presentation of the Cascade Hydro returns for the years 1984 and 1985," 109 B.R. at 437, and the bankruptcy court found that "Mitchell, as the principal party involved, reviewed and signed the Cascade Hydro tax returns and the K–1 forms for the limited partners and/or shareholders which showed their purported shares of the deductions and credits." *Id.* at 436. Based on these factual findings and concessions, Mitchell clearly "aid[ed] or assist[ed] in, procure[d], or advise[d] with respect to" the Forms K–1.

The second requirement of § 6701(a)(1) is that such aiding, etc., pertain to "the preparation or presentation of *any portion* of a return, affidavit, claim, or other [tax] document." (emphasis added). Clearly, Mitchell's aiding pertains to Cascade Hydro's corporate return. But that is not all. Mitchell's aiding also pertains to portions of all 34 investors' individual tax returns, because each investor incorporates the tax information contained on the Form K–1 supplied by Mitchell into his or her U.S. individual tax return. Thus, Mitchell aided in the preparation or presentation of documents that relate to the returns of 35 persons.[3]

The last clause of § 6701(a) imposes "a penalty with respect to each such document in the amount determined under subsection (b)." Penalties thus are not imposed based on the type of return filed, but with respect to *"each such document"* identified in § 6701(a)(1) that further meets the criteria set out in § 6701(a)(2), (3). The Forms K–1 that Mitchell caused to be issued are identified by § 6701(a)(1) and meet the criteria set out in § 6701(a)(2), (3). Having identified the documents that provide a basis for imposing a penalty, we look to subsection (b) to determine the amount of the penalty for each such document.

With little difficulty, § 6701(a)'s broad language—"a penalty with respect to each such document"—could impose entirely disproportionate liability. We can only imagine how many documents described by § 6701(a) must have been necessary to prepare Cascade Hydro's corporate tax return. The bankruptcy court and the district court construed § 6701(b)(2) as limiting Mitchell's penalty to $10,000. Section 6701(b)(2) nowhere says, however, that the maximum penalty for a corporate return is $10,000; it merely states that "[i]f the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) [4] shall be $10,000."

■ The statute's limiting language is found in the interplay between the last clause of § 6701(a) and § 6701(b)(3). The IRS may seek only one penalty per abetted taxpayer per taxable period, no matter how many § 6701(a) documents relate to that taxpayer. § 6701(b)(3). Section 6701(b)(2) does not preclude simultaneous liability under § 6701(b)(1); it merely increases the magnitude of the penalty if the document relates to the tax liability of a corporation. We hold that the amount of the penalty for aiding, assisting, procuring or advising with respect to the preparation or presentation of a § 6701(a) document is determined by looking to the type of person whose *tax liability* is understated.

■ The bankruptcy and district courts did not recognize that the driving force behind the statute is the understatement of a tax liability, not the filing of a false return. *See* § 6701(a)(3) ("understatement of the liability for tax of another person"), (b)(2) ("relates to the tax liability of a corporation"). This oversight produced the central flaw in their reasoning. Unless an S corporation understates its corporate tax liability because of excess passive income or built-in capital gains, the S corporation has no tax liability, and by its plain language § 6701(b)(2) does not apply. As a corporation, Cascade Hydro had no tax lia-

---

**3.** The 34 investors and the juridical person, the corporation.

**4.** Recall that § 6701(a) imposes "a penalty with respect to *each such document.*"

bility to understate. The $10,000 corporate penalty provision cannot possibly apply.

Mitchell aided the preparation of 34 Forms K–1 that abetted understatements of tax liability. Section 6701(a) imposes a penalty for each such document. The understatements of tax liability all relate to noncorporate investors. The penalty for each such noncorporate document is $1,000. § 6701(b)(1). Each of the 34 Forms K–1 applies to a different taxpayer's 1985 taxable period, so there is no limitation on each document providing a $1,000 penalty. § 6701(b)(3). No corporate tax liability was understated. § 6701(a)(3), (b)(2). We find Mitchell liable for $34,000 plus interest as allowed by statute.

No resort to the legislative history is necessary. *Ron Pair*, 489 U.S. at 241, 109 S.Ct. at 1030.

### III

The district court's judgment is RE-VERSED. The cause is REMANDED with INSTRUCTIONS that the district court reverse in part the bankruptcy court's judgment and remand to the bankruptcy court for entry of judgment in favor of the United States on the 1985 penalty claim for $34,000 plus interest as allowed by statute.