Bertram EMANUEL, Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 87 C 3796.

United States District Court, N.D. Illinois, E.D.

Feb. 1, 1989.

## MEMORANDUM OPINION AND ORDER

MAROVICH, District Judge.

Plaintiff Bertram Emanuel ("Emanuel") brought suit against the United States of America to contest penalty assessments made against him by the Internal Revenue Service pursuant to 26 U.S.C. Section 6700 for allegedly promoting an abusive tax shelter, and pursuant to 26 U.S.C. Section 6701 for aiding and abetting in the understatement of the tax liability of another individual. Plaintiff has moved for summary judgment on the ground that the government's assessments are time barred. Plaintiff has moved, in the alternative, for partial summary judgment on the appropri-

ate method of calculating plaintiff's penalties. Defendant has filed a cross motion.

## I.  Statement of Facts

Emanuel is a certified public accountant who provides tax planning service as well as prepares tax returns for his clients.

During 1982, Emanuel allegedly sold, or participated in the sale of, interests in a tax shelter known as the Energy Tax Sheltered Investment Program ("ETSIP") to sixty of his clients. Plaintiff also allegedly invested in the ETSIP. Emanuel received approximately $84,060 in commissions as a result of placing these investors into the ETSIP.

On September 8, 1986, the Internal Revenue Service assessed against Emanuel a $61,000 penalty pursuant to 26 U.S.C. Section 6701 for promoting an abusive tax shelter. On September 29, 1986, Emanuel paid the required 15% of the asserted $61,000 penalty and filed a refund claim for the amount paid. The Internal Revenue Service later conceded that it erred by designating the $61,000 penalty as a Section 6701 penalty. Plaintiff's claim was later amended to substitute the proper code section, 26 U.S.C. Section 6700.

On September 15, 1986, the Internal Revenue Service assessed against Emanuel a penalty pursuant to 26 U.S.C. Section 6701 in the amount of $126,000. The Internal Revenue Service, on September 29, 1986, assessed another penalty under Section 6701 in the amount of $20,000. On October 15, 1986, Emanuel paid the Internal Revenue Service the required 15% of the combined $146,000 penalty against him. At the same time, he filed a claim for refund in the amount of $21,900.

After the Internal Revenue Service took no action for six months, Emanuel filed suit in this court. The parties now cross move for summary judgment, requesting this court to address the following issues:

1) Whether the penalty assessments against Emanuel pursuant to Sections 6700 and 6701 of the Internal Revenue Code are barred by the three-year statute of limitations provided in Section 6501(a).

2) Whether the Internal Revenue Service properly computed the Section 6700 and Section 6701 penalties.

## II.  Statute of Limitations

Emanuel first moves for summary judgment on the ground that the government's assessment of penalties under Sections 6700 and 6701 is untimely, as it was assessed against him more than three years after the filing of his clients' tax returns.

Although Sections 6700 and 6701 were enacted with no express statute of limitations, Emanuel urges this court to apply a three-year statute of limitations provided in 26 U.S.C. Section 6501(a). Emanuel argues that the three-year limitation period is based on Section 6671(a), which declares that penalties "shall be assessed and collected in the same manner as taxes," and Section 6501(a), which provides that "the amount of any tax imposed by this title shall be assessed within 3 years *after the return was filed....*" (emphasis added) Plaintiff asserts that if Sections 6700 and 6701 penalties are to be assessed in the same manner as taxes, then the Section 6501(a) statute of limitation applies.

The government argues that Section 6671 does not apply to the statute of limitations provision of Section 6501(a). The government further argues that the three-year limitation period is inapplicable because Section 6501(a) depends upon the filing of a tax return while the penalties under Sections 6700 and 6701 do not. Finally, the government contends that Sections 6700 and 6701 are essentially fraud penalties for which there is an unlimited statute of limitations specifically set forth in the Code.

Recently, two courts in *Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill.1988), and *Agbanc, Ltd. v. United States,* 707 F.Supp. 423 (D.Ariz. Nov. 16, 1988), have directly ruled on whether the statute of limitations in 26 U.S.C. Section 6501(a) applies to penalties assessed pursuant to Sections 6700 and 6701.

In *Agbanc, supra,* the court held that the three-year limitations period in Section 6501(a) does not apply to Section 6700 assessments. The court noted:

> Section 6501(a) depends upon the filing of a tax return to begin the running of the limitations period. To the contrary, Section 6700 assessments do not depend on the filing of a tax return. Rather, assessment of 6700 penalties occur after the IRS becomes aware that an individual's activities are prohibited by Section 6700. As a practical matter, it would be difficult to ascertain when the limitation period should begin to run, i.e., when the prohibited activity took place or when IRS became aware of the prohibited activity.

(slip op. at 8)

Likewise, in *Kuchan, supra,* Judge Kocoras held that the statute of limitations period in Section 6501(a) does not apply to penalties assessed pursuant to Section 6701. The court stated:

> ... Finally, giving effect to the plain language of the statute, Section 6701 does not require the filing of an understated return as a prerequisite to the imposition of a penalty thereunder. Therefore, the three-year limitation period provided by Section 6501(a), which requires the filing of a return to set the clock in motion, cannot logically govern penalties imposed under section 6701. Rather, like other civil fraud provisions, enforcement of section 6701 is not confined to any limitations period whatsoever.

679 F.Supp. at 769.

■ This court, in following *Kuchan,* and *Agbanc,* holds that the statute of limitations provided in Section 6501(a) does not apply to penalties assessed under Section 6700 or Section 6701. Accordingly, plaintiff's motion for summary judgment on the ground that the assessments at issue here are barred by the statute of limitations is denied and defendant's motion is granted.

---

1. *See* infra note 2.

## III. Assessment of Penalties

Even if the statute of limitations does not bar the imposition of penalties, Emanuel argues that the Internal Revenue Service improperly calculated the penalties under Sections 6700 and 6701. Specifically, plaintiff contends he is entitled to partial summary judgment because the government erred in calculating the following: 1) a Section 6700 penalty on a $1,000 "per sale" basis; 2) a $1,000 penalty under Section 6701 for each separate application for tentative refund (form 1045); and 3) a Section 6701 penalty with respect to plaintiff's own tax return.

### A. The assessment of a Section 6700 penalty on a "per sale" basis.

The IRS claims that Emanuel owes $61,000 in 6700 penalties. The IRS calculated the $61,000 penalty by multiplying $1,000 times 61 investors, including the plaintiff, who invested in the ETSIP program. Emanuel argues, however, that the Internal Revenue Service erred in calculating his penalty on a per-sale basis.

At issue here is whether the method of calculating the penalties under Section 6700 is proper. Specifically, does Section 6700 provide a penalty of $1,000 "per sale," or is the $1,000 a *minimum* penalty that applies only when 20% of the overall sales activity is less than $1,000? [1]

The relevant code section, 26 U.S.C. Section 6700(a), as originally enacted, provides in pertinent part:

> Any person who organizes ... or participates in the sale of any interest in an entity or plan or arrangement ... and ... makes or furnishes (in connection with such organization or sale) ... a gross valuation overstatement ... shall pay a penalty equal to the greater of $1,000 or 10 percent of the gross income derived or to be derived by such person from *such activity.*[2]

(emphasis added)

In computing the plaintiff's penalty, the IRS construed "such activity" to mean

---

2. The Tax Reform Act of 1984 amended Section 6700(a) by increasing the percentage of gross income from 10% to 20%.

each individual sale of an abusive tax shelter. The plaintiff, on the other hand, believes that $1,000 was meant to be the *minimum* penalty for a promoter's overall organizational or sales activity.

A number of district courts that have rendered a decision on this issue have reached differing results. The Internal Revenue Service's $1,000 "per sale" method of calculation has been upheld in *Papkin v. United States*, No. 86–CV–2241–JOF (N.D.Ga.1988); *Gates v. United States*, No. 86–198 (E.D.Ark.1988); *Johnson v. United States*, 677 F.Supp. 529 (E.D. Mich.1988); and *Waltman v. United States*, 618 F.Supp. 718 (S.D.Fla.1985). Other courts which support plaintiff's method of calculation are: *Spriggs v. United States*, 660 F.Supp. 789 (E.D.Va.1987), *aff'd*, 850 F.2d 690 (4th Cir.1988); *Hersch v. United States*, 685 F.Supp. 325 (E.D.N.Y.1988); *In re Bowen*, No. 87–3159 (Bankr. D.Ut.1988); and *United States v. Schwartz*, No. 87–1122 (C.D.Cal.1987) [1988 WL 70011]. This court finds the reasoning of the *Spriggs* court more persuasive and therefore holds that the government erred in calculating the Section 6700 penalty on the basis of $1,000 per sale.

In rejecting the government's $1,000 "per sale" approach, the *Spriggs* court held that the "language of Section 6700(a) clearly suggested that $1,000 penalty would apply if it exceeded 10% of the income derived from something other than *each* sale of an interest in an abusive tax shelter." 660 F.Supp. at 791. Congress used the term "organization or sale" in Section 6700. Had Congress intended the penalty to apply to each sale, it could have continued to use the phrase "such organization or sale" instead of using "such activity." *Id.* Additionally, as noted in *Spriggs, supra,* whenever Congress intended in other penalty provisions that a separate penalty be assessed for each independent action, the language of the Code was explicit. *See, e.g.*, 26 U.S.C. Section 6678, Section 6676, Section 6687, Section 6705, Section 6706, Section 6707(b), Section 6701(a). Thus, Congress's use of the words "such activity" demonstrates an intent to base the penalty in the "overall activity of promoting abusive tax shelters." *Id.*

The *Spriggs* court also found the statute's subsequent legislative history of amendments to Section 6700 demonstrated Congress's intent that a minimum, flat $1,000 penalty be assessed on all of a promoter's tax shelter activities. *Id.* at 792. In 1984, when Congress increased the penalty from 10% to 20% of the income derived "from the activity," the House Committee Report on the change read:

> The Bill increases the penalty for promoting abusive tax shelters to the greater of 20 percent of the gross income derived, or to be derived, from the activity, or $1,000. The Committee did not increase the $1,000 penalty because, as originally enacted, the $1,000 was intended to be a minimum penalty on small promoters who derive little income from the deals they promote.

H.R.Rep. No. 432, 98th Cong., 2d Sess. 1, 1357–1358, reprinted in 1984 U.S.Code Cong.Admin.News, 697, 1009. The *Spriggs* court noted that the Internal Revenue Service's interpretation was inconsistent with the 1984 legislative history as the penalty would not just apply to "small" promoters. *Id.* at 791–792. Clearly, Congress intended the $1,000 penalty to be a flat minimum penalty on small promoters, rather than a "per sale" penalty.

Accordingly, we follow the reasoning of the *Spriggs* decision in finding that the $1,000 penalty in Section 6700 is a flat minimum penalty and not a "per sale" penalty. The IRS, therefore, erred in calculating the Section 6700 penalty on a "per sale" basis.

B. *The assessment of a Section 6701 penalty for each separate application for Tentative Refund (Form 1045).*

Plaintiff in this case allegedly prepared or assisted in preparing the sixty investors' income tax returns (form 1040) as well as applications for tentative refund (form 1045). In those cases where an investor would not utilize all tax credits on the 1982 form 1040, an application for tentative refund (form 1045) was used to carry back the unused credits to the years 1979 and

438

1980 and, in one instance, carried over to the year 1983. The government not only assessed a Section 6701 penalty against the plaintiff for each investor's form 1040, but also assessed one or more penalties for form 1045.[3]

Emanuel argues that IRS's assessment of multiple penalties for each one of those form 1045 documents violated 26 U.S.C. Section 6701(b)(3) which plaintiff claims prohibits multiple penalties relating to the same taxpayer for the same taxable period. Section 6701(b)(3) upon which plaintiff relies reads as follows:

> ONLY 1 PENALTY PER PERSON PER PERIOD.—If any person is subject to a penalty under subsection (a) with respect to any document relating to any taxpayer *for any taxable period* (or where there is no taxable period, any taxable event), such person shall not be subject to a penalty under subsection (a) with respect to any other document *relating to such taxpayer for such taxable period* (or event).

(Emphasis added) Emanuel contends that all of the form 1045 documents originated from, and thus "relate to," the 1982 tax period.

The government argues, however, that "forms 1045 are treated by the Internal Revenue Service as amendments to tax returns filed in earlier years," and "form 1045 relates to that taxable period for which it acts as an amendment." (Defendant's memorandum in support of cross-motion for partial summary judgment and in opposition to plaintiff's motion for summary judgment/partial summary judgment, p. 31) The government therefore concludes that it properly assessed a Section 6701 penalty for each separate application for tentative refund (form 1045).

■ This court finds, however, that the documents at issue here *relate* to the 1982 tax period, not the year for which it acts as an amendment, as government contends. Furthermore, the legislative history (P.L. 97–248) to Section 6701 appears to support such a conclusion:

> The penalty can however be imposed only for any taxable period (or taxable event) with respect to the taxpayer's actions in assisting any one person. Thus, someone who assists two individuals in preparing false documents would be liable for a $2,000 penalty whereas the penalty would only be $1,000 if he had advised in the preparation of two false documents for the same tax year.

Because documents in issue here "relate to" the year ended December 31, 1982, the government improperly computed the Section 6701 penalty.

### *The assessment of a Section 6701 penalty with respect to plaintiff's own return.*

In assessing Section 6701 penalties against the plaintiff, the government included plaintiff's own tax return. Emanuel contends that the government erred in taking into account his own tax return in computing the Section 6701 penalties. The government, on the other hand, asserts that such inclusion is proper because the return affects the income tax liability of "another person," namely, his wife Phyllis Emanuel.

■ The income tax return at issue here was allegedly filed by plaintiff and his wife, jointly. For tax purposes, where there is an election to file jointly, the husband and wife are treated as one taxpayer. *See* 26 U.S.C. Section 6013. Accordingly,

---

3. Twenty-six U.S.C. Section 6701 provides:
    (a) Imposition of penalty—Any person—
    (1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document in connection with any matter arising under the Internal Revenue laws,
    (2) who knows that such portion will be used in connection with any material matter arising under the internal revenue laws, and
    (3) who knows that such portion (if so used) will result in an understatement of the liability for tax of another person, shall pay a penalty with respect to each such document in the amount determined under subsection (b).
    (b) Amount of penalty—
    (1) In general— ... the amount of the penalty imposed by subsection (a) shall be $1,000.

the government's assessment of a Section 6701 penalty with respect to plaintiff's own tax return was improper.

### Conclusion

For the reasons stated above, plaintiff's motion for summary judgment is denied and defendant's cross motion for partial summary judgment is granted on the statute of limitations issue. In addition, plaintiff's alternative request for partial summary judgment is granted and defendant's cross motion for partial summary judgment is denied regarding the computation of penalties.