**James M. MULLIKIN,**
**Plaintiff–Appellee,**

v.

**UNITED STATES of America,**
**Defendant–Appellant.**

**No. 90–6456.**

United States Court of Appeals,
Sixth Circuit.

Argued July 19, 1991.

Decided Dec. 30, 1991.

Rehearing and Rehearing En Banc
Denied March 13, 1992.

Ashley W. Ward, Stites & Harbison, Bruce M. Reynolds (argued and briefed), Lexington, Ky., for James M. Mullikin, Jr.

Louis DeFalaise, U.S. Atty., Lexington, Ky., Gary R. Allen, Acting Chief (briefed), Richard Farber, Kenneth W. Rosenberg (argued), U.S. Dept. of Justice, Appellate

Section Tax Div., S. Hollis Fleischer, Office of the Dept. of Justice, Office of Special Litigation, Tax Div., Washington, D.C., for U.S.

Before RYAN and BOGGS, Circuit Judges, and DOWD, District Judge.[*]

DOWD, District Judge.

## I. *INTRODUCTION*

Defendant-appellant the United States of America appeals the district court's grant of partial summary judgment in favor of plaintiff-appellee James M. Mullikin, Jr. ("Mullikin") in this tax refund suit. Mullikin, an accountant, prepared eight quarterly employment tax returns, Forms 941, for Vanco International, Inc. ("Vanco") for the years 1982 and 1983. Mullikin also prepared nine Wage and Tax Statements, W–2 Forms, for Vanco employees in 1982, and ten W–2 Forms in 1983. In preparing the tax documents, Mullikin failed to include the portion of wages paid to Vanco employees in cash. As a result of Mullikin's failure to include cash wages, Vanco's liability for payroll and withholding taxes, and the employees' respective tax liabilities were understated.

The Internal Revenue Service ("IRS") subsequently made the determination that Mullikin's actions with respect to the various tax forms constituted the aiding and abetting of the understatement of tax liability in violation of 26 U.S.C. § 6701 and assessed penalties against Mullikin in the total amount of $99,000.00.

Pursuant to the assessment challenge procedure set forth in 26 U.S.C. § 6703(c)(1), Mullikin paid fifteen percent of the assessed penalties within thirty days of the notices of assessment and filed claims for refund of the amounts paid. The IRS denied one claim for a refund and failed to address the second claim within the time specified by the Internal Revenue Code ("IRC"). Accordingly, Mullikin filed suit in the United States District Court for the Eastern District of Kentucky seeking a

refund of the portions of the penalty assessments paid.

The parties filed cross-motions for summary judgment and on July 13, 1990, the district court sustained Mullikin's motion for partial summary judgment finding first that the five year statute of limitations contained in 28 U.S.C. § 2462 applies to the assessment of penalties pursuant to Section 6701 and that Section 2462 barred the assessment of any penalties relating to tax forms filed more than five years before the dates of the respective notices of assessment. The district court further found that the phrase "taxable period," as used in Section 6701(b)(3), is the equivalent of calendar year and that only one penalty per person per calendar year can be assessed against an individual for violations of Section 6701. Accordingly, the district court found that even though Mullikin prepared on the designated quarterly basis four Forms 941 for Vanco in 1983, the IRS could only properly assess one $10,000.00 penalty against Mullikin for the four Forms 941 prepared for 1983.[1]

The United States appeals the district court's grant of partial summary judgment in favor of Mullikin and argues that the district court erred in both its application of the statute of limitations contained in Section 2462 to the Section 6701 penalty assessments, and in its determination that only one penalty per person per calendar year can be assessed for violations of Section 6701.

Two issues are present for our review. First, this Court must decide whether the five year statute of limitations contained in 28 U.S.C. § 2462 applies to penalty assessments made pursuant to 26 U.S.C. § 6701 for the aiding and abetting of the understatement of tax liability. Second, the Court must determine whether only a single penalty per person per calendar year is properly assessable under Section 6701 or whether a separate penalty may be assessed for each of four false quarterly Forms 941 prepared.

For the reasons set forth below, the Court finds that the district court erred in applying the five year statute of limitations contained in 28 U.S.C. § 2462 to the assessment of penalties pursuant to Section 6701. Accordingly, the Court reverses that portion of the district court's opinion finding the assessments for the tax forms relating to 1982 barred by the statute of limitations found in Section 2462. The Court further finds that the district court erred in its determination that the IRS could only assess one $10,000.00 penalty against Mullikin for the four Forms 941. The Court reverses the judgment of the district court and remands the case to the district court with specific instructions that the district court issue an order in accordance with this Court's opinion.

II. *FACTS*

Plaintiff-appellee Mullikin was engaged in the practice of providing accounting services. In the performance of his profession, Mullikin prepared IRS Forms 941, Employer's Quarterly Federal Tax Returns, for Vanco for the eight calendar quarters of 1982 and 1983.[2] Mullikin also prepared nine W–2 Forms, Wage and Tax Statements, for Vanco employees for the 1982 calendar year and ten W–2 Forms for Vanco employees for the 1983 calendar year. The IRS subsequently determined that Mullikin, in preparing the Forms 941 and the W–2 Forms, omitted cash compensation paid to Vanco employees; this omission resulted in the understatement of Vanco's employment tax liability and the employees' income tax liability.

The IRS determined that Mullikin's actions constituted the aiding and abetting of the understatement of tax liability within the meaning of 26 U.S.C. § 6701[3] and pro-

---

**1.** The district court found that Mullikin was liable for $20,000.00 in penalty assessments representing the total of $1,000.00 each for the ten W–2 Forms and $10,000.00 for the Forms 941.

**2.** Mullikin prepared the Forms 941 for the calendar quarters ending March 31, 1982, June 30,

1982, September 30, 1982, December 31, 1982, March 31, 1983, June 30, 1983, September 30, 1983, and December 31, 1983.

**3.** The text of 26 U.S.C. § 6701 is set forth below in the Court's opinion.

ceeded to assess penalties against Mullikin for each of the documents prepared. In Notices of Penalty Charge dated November 14, 1988, the IRS notified Mullikin that he had been charged with penalties pursuant to Section 6701 for the nineteen W–2 Forms. Mullikin was assessed $9,000.00 in penalties for the W–2 Forms for calendar year 1982, and $10,000.00 in penalties for the W–2 Forms for calendar year 1983, representing the total of $1,000.00 each for the nineteen W–2 Forms prepared by Mullikin.

On November 21, 1988, the IRS sent Mullikin Notices of Penalty Charge in the amount of $80,000.00, representing the total of $10,000.00 each for the eight Forms 941 prepared. The total amount of penalties assessed against Mullikin pursuant to Section 6701 was $99,000.00.

Pursuant to Section 6703(c)[4], Mullikin paid fifteen percent of the amount of the penalties assessed against him within thirty days of the notices of penalty assessment and filed claims for refunds.[5]

The IRS notified Mullikin in a letter dated May 15, 1989, that his claims for refund of the money paid with respect to the penalties relating to the Forms 941 were denied. Then, on June 13, 1989, within thirty days of the denial of his claim for a refund, Mullikin filed his complaint in the United States District Court for the Eastern District of Kentucky, seeking a refund of the $12,000.00 and an injunction against collection of the remainder of the penalties.[6]

Mullikin did not receive a response within six months to his claims for refund filed on December 13, 1988. Accordingly, he filed an amended complaint on June 16, 1989 demanding an additional refund in the amount of $2,850.00.

On January 25, 1990, Mullikin filed a motion for partial summary judgment in which he argued that, as a matter of law, he is only liable for $20,000.00 of the penalties assessed against him. In his motion, Mullikin argued that: (1) the five year statute of limitations contained in 28 U.S.C. § 2462[7] bars the penalty assessments relating to actions taken more than five years before the dates of the IRS penalty notices, and (2) only one penalty may be assessed with respect to any one taxpayer for any taxable period and that therefore three of the four assessments relating to the Forms 941 made for each of the calendar years 1982 and 1983 are barred.

The United States filed a cross-motion for summary judgment on March 14, 1990 in which the United States argued that it is entitled to the full $99,000.00 of assessed penalties because no statute of limitations applies to the assessment of Section 6701 penalties and the limitation of one penalty for any taxable period refers, in the case of Forms 941, to calendar quarters, not the calendar year.

The district court issued its memorandum opinion and order addressing the cross-motions for summary judgment on July 13, 1990. The district court found first that the five year statute of limitations contained in 28 U.S.C. § 2462 applies to the assessment of penalties pursuant to Section 6701 and accordingly sustained Mullikin's motion for partial summary judgment on those penalties assessed on tax forms filed more than five years before November 14, 1988 or November 21, 1988. The district court next found that only one

4. The text of 26 U.S.C. § 6703 is set forth below in the Court's opinion.

5. On December 13, 1988, Mullikin paid to the IRS $2,850.00, fifteen percent of the penalties assessed on November 14, 1988. Plaintiff paid the IRS $12,000.00 on December 20, 1988, fifteen percent of the penalties assessed on November 21, 1988. Mullikin timely filed claims for refunds along with the payments.

6. In his original complaint, Mullikin argued that his actions did not constitute the aiding and

abetting of the understatement of tax liability. Mullikin also initially argued that the statute of limitations contained in Section 6501(a) bars the assessment of the penalties because the returns were filed more than three years prior to the assessment of the Section 6701 penalties. In addition, Mullikin argued that Section 6701 limits the assessment of penalties to one penalty per person for any taxable period and the assessment of separate penalties for the four Forms 941 exceeded that limit.

7. The text of 26 U.S.C. § 2462 is produced below in the Court's opinion.

penalty per person per calendar year can be assessed pursuant to Section 6701 and found that Mullikin should be liable for only one $10,000.00 penalty in the remaining year for which the assessments were not time-barred.

The United States filed its notice of appeal of the district court's decision on November 13, 1990.

## III. *DISCUSSION*

### A. *Statute of Limitations.*

██The Court begins by addressing the issue of whether the statute of limitations contained in Section 2462 applies to penalty assessments made pursuant to Section 6701. 26 U.S.C. § 6701 provides as follows:

(a) **Imposition of penalty.**—Any person—

(1) who aids or assists in, procures, or advises with respect to, the preparation or presentation of any portion of a return, affidavit, claim, or other document,

(2) who knows (or has reason to believe) that such portion will be used in connection with any material matter arising under the internal revenue laws, and

(3) who knows that such portion (if so used) would result in an understatement of the liability for tax of another person, shall pay a penalty with respect to each such document in the amount determined under subsection (b).

(b) **Amount of penalty.**—

(1) **In general.**—Except as provided in paragraph (2), the amount of the penalty imposed by subsection (a) shall be $1,000.

(2) **Corporations.**—If the return, affidavit, claim, or other document relates to the tax liability of a corporation, the amount of the penalty imposed by subsection (a) shall be $10,000.

(3) **Only 1 penalty per person per period.**—If any person is subject to a penalty under subsection (a) with respect to any document relating to any taxpayer for any taxable period (or where there is no taxable period, any taxable event), such person shall not be subject to a penalty under subsection (a) with respect to any other document relating to such taxpayer for such taxable period (or event) . . .

26 U.S.C. § 6703 sets forth the rules which are applicable to penalties under, *inter alia*, Section 6701.[8] Neither Section 6701

---

**8.** 26 U.S.C. § 6703 provides:

(a) **Burden of proof.**—In any proceeding involving the issue of whether or not any person is liable for a penalty under section 6700, 6701, or 6702, the burden of proof with respect to such issue shall be on the Secretary.

(b) **Deficiency procedures not to apply.**—Subchapter B of chapter 63 (relating to deficiency procedures) shall not apply with respect to the assessment or collection of the penalties provided by sections 6700, 6701, and 6702.

(c) **Extension of period of collection where person pays 15 percent of penalty.**—

(1) **In general.**—If, within 30 days after the day on which notice and demand of any penalty under section 6700 or 6701 is made against any person, such person pays an amount which is not less than 15 percent of the amount of such penalty and files a claim for refund of the amount so paid, no levy or proceeding in court for the collection of the remainder of such penalty shall be made, begun, or prosecuted until the final resolution of a proceeding begun as provided in paragraph (2). Notwithstanding the provisions of section 7421(a), the beginning of such proceeding or levy during the time such prohibition is in force may be enjoined by a proceed-

ing in the proper court. Nothing in this paragraph shall be construed to prohibit any counterclaim for the remainder of such penalty in a proceeding begun as provided in paragraph (2).

(2) **Person must bring suit in district court to determine his liability for penalty.**—If, within 30 days after the day on which his claim for refund of any partial payment of any penalty under section 6700 or 6701 is denied (or, if earlier, within 30 days after the expiration of 6 months after the day on which he filed the claim for refund), the person fails to begin a proceeding in the appropriate United States district court for the determination of his liability for such penalty, paragraph (1) shall cease to apply with respect to such penalty, effective on the day following the close of the applicable 30-day period referred to in this paragraph.

(3) **Suspension of running of period of limitations on collection.**—The running of the period of limitations provided in section 6502 on the collection by levy or by a proceeding in court in respect of any penalty described in paragraph (1) shall be suspended for the period during which the Secretary is prohibited from collecting by levy or a proceeding in court.

nor Section 6703 contain an express statute of limitations to govern the timing of assessments of penalties pursuant to Section 6701. In the absence of an express statute of limitations, this Court must determine whether Congress intended that a statute of limitations apply to the assessment of penalties pursuant to Section 6701, and, if the Court determines that Congress so intended, what statute of limitations Congress intended to apply.

The district court found that since Congress did not expressly provide for a statute of limitations on Section 6701 assessments, the five year statute of limitations provided for in 28 U.S.C. § 2462 applies by default. 28 U.S.C. § 2462 provides as follows:

> Except as otherwise provided by Act of Congress, an action, suit or proceeding for the enforcement of any civil fine, penalty, or forfeiture, pecuniary or otherwise, shall not be entertained unless commenced within five years from the date when the claim first accrued if, within the same period, the offender or the property is found within the United States in order that proper service may be made thereon.

28 U.S.C. § 2462 (1988).

The parties to this appeal make the following arguments regarding the statute of limitations issue. The United States argues first that no statute of limitations is provided for in Section 6701 and therefore no statute of limitations applies to the assessment of penalties pursuant to Section 6701. In this regard, the United States contends that no statute of limitations applies to causes of action in favor of the government unless Congress expressly so provides. The United States further argues that any statute of limitations sought to be applied against the United States must receive a strict construction in the government's favor; if such a strict construction is provided, the United States argues, 28 U.S.C. § 2462 should not be found applicable to assessments pursuant to Section 6701. The United States contends that an assessment of a penalty pursuant to Section 6701 can be made at any time.

The United States makes the second argument that Section 2462 is inapplicable because an assessment is not the equivalent of an action, suit or proceeding for the enforcement of a civil penalty but rather is a purely administrative act. Finally, the United States makes the argument that Section 2462 is inapplicable because that provision only applies when Congress has not otherwise provided for a statute of limitations. In the case of Section 6701 penalties, the United States contends, Congress has otherwise provided for a 6–year statute of limitations in 26 U.S.C. § 6502.[9] Section 6502, the United States argues, provides for a 6–year statute of limitations within which to bring an action to enforce a penalty following the assessment of the

---

9. 26 U.S.C. § 6502 provides as follows:

**(a) Length of period.**—Where the assessment of any tax imposed by this title has been made within the period of limitation properly applicable thereto, such tax may be collected by levy or by a proceeding in court, but only if the levy is made or the proceeding begun—

(1) within 6 years after the assessment of the tax, or

(2) prior to the expiration of any period for collection agreed upon in writing by the Secretary and the taxpayer before the expiration of such 6–year period (or, if there is a release of levy under section 6343 after such 6–year period, then before such release).

The period so agreed upon may be extended by subsequent agreements in writing made before the expiration of the period previously agreed upon. If a timely proceeding in court for the collection of a tax is commenced, the period during which such tax may be collected by levy shall be extended and shall not expire until the liability for the tax (or a judgment against the taxpayer arising from such liability) is satisfied or becomes enforceable.

**(b) Date when levy is considered made.**—The date on which a levy on property or rights to property is made shall be the date on which the notice of seizure provided in section 6335(a) is given.

The Court notes that Section 6502 was recently amended to extend the limitations period from six to ten years. See, 26 U.S.C.A. § 6502 (West Supp.1991). The new ten year period applies to taxes assessed after November 5, 1990 and taxes assessed before that date if the period for collection had not expired as of November 5, 1990. Omnibus Budget Reconciliation Act of 1990, Pub.L. No. 101–508, 104 Stat. 1388, § 11317.

penalty. The penalty can, however, be assessed at any time.

Mullikin argues that where Congress has not otherwise so provided, 28 U.S.C. § 2462 provides a catch-all statute of limitations that applies to the government's attempts to collect penalties, including both administrative actions and judicial proceedings to enforce penalties. Mullikin contends that the assessments for 1982 are barred because the United States did not commence any of its enforcement proceedings until after the statute of limitations had run on the claims for activities in 1982, and accordingly, the district court properly granted him partial summary judgment.

■ The general rule, as set forth by the Supreme Court in *Dupont DeNemours & Co. v. Davis*, 264 U.S. 456, 44 S.Ct. 364, 68 L.Ed. 788 (1924), is that "[a]n action on behalf of the United States in its governmental capacity ... is subject to no time limitation, in the absence of congressional enactment clearly imposing it." *Id.* at 462, 44 S.Ct. at 366 (citations omitted); *United States v. Weintraub*, 613 F.2d 612, 619 (6th Cir.1979) (court stating that "[w]hile the general rule ... is that the sovereign is exempt from the operation of statutes of limitations, an exception to that general rule exists when the sovereign (through the legislature) expressly imposes a limitation period upon itself") (citations omitted). Likewise, if a statute of limitations is sought to be applied against the United States, the statute of limitations must receive a strict construction in favor of the government. *Badaracco v. Commissioner*, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984) (quoting *Dupont DeNemours & Co.*, 264 U.S. 456, 462, 44 S.Ct. 364, 366, 68 L.Ed. 788 (1924)).

This Court has not come across any other cases that have addressed the issue of whether the statute of limitations set forth in Section 2462 applies to the assessment of penalties pursuant to Section 6701. Several other courts have, however, addressed the issue of whether the general three year statute of limitations on the assessment and collection of taxes, 26 U.S.C. § 6501(a) [10], applies to penalties assessed pursuant to either Section 6701 or Section 6700 [11] and have found the three year statute of limitations in Section 6501(a) inapplicable. *See, e.g., Sage v. United States*, 908 F.2d 18 (5th Cir.1990) (court holding that Section 6700 is untrammeled by any statutory time-bar and laches alone is the only possible curb on the IRS's power to assess Section 6700 penalties); *Emanuel v. United States*, 705 F.Supp. 434 (N.D.Ill.1989) (court finding that the statute of limitations contained in Section 6501(a) does not apply to penalties assessed under either Section 6700 or Section 6701); *Agbanc, Ltd. v. United States*, 707 F.Supp. 423 (D.Ariz.1988) (court finding that Section 6501(a) is inapplicable to Section 6700 penalties); *Kuchan v. United States*, 679 F.Supp. 764 (N.D.Ill.1988) (court stating that "Congress did not intend that § 6501(a) apply to the assessment of penalties under § 6701. Rather, § 6701 is analogous to other sections enacted to combat fraud which provide unlimited periods of limitation"). Although the above-cited cases addressed whether the statute of limitations contained in Section 6501(a) rather than whether the statute of limitations contained in Section 2462 is applicable, the Court finds the analyses of the several cases useful in resolving the present appeal.

In *Sage v. United States*, 908 F.2d 18 (5th Cir.1990), the Court held that the three year statute of limitations contained in Section 6501(a) does not apply to the assess-

10. 26 U.S.C. § 6501 provides in pertinent part as follows:

(a) **General rule.**—Except as otherwise provided in this section, the amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) or, if the tax is payable by stamp, at any time after such tax became due and before the expiration of 3 years after the date on which any part of such tax was paid, and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period ...

11. Section 6700 provides for the assessment of penalties for the promotion of abusive tax shelters and was enacted along with Section 6701.

ment of Section 6700 penalties. *Id.* at 25. In that case, the plaintiff argued that the statute of limitations in Section 6501(a) for the assessment of any tax applies because Section 6671(a) [12], appearing with Section 6700 in the assessable penalties portion of the Code—Subchapter B—provides that the assessable penalties of that part of the Code shall be assessed and collected in the same manner as taxes and any reference to "tax" shall also be a reference to the penalties and liabilities provided by Subchapter B. *Id.* at 23. The plaintiff in *Sage* argued that because Section 6700 penalties are to be assessed in the same manner as taxes, the same statute of limitations that applies to assessments of taxes should apply to the assessment of Section 6700 penalties. The plaintiff in *Sage* further contended that the general 6–year statute of limitations on collection applies to Section 6700 penalties by virtue of the direct reference to Section 6502 in Section 6703(c). The plaintiff argued that because the 6–year statute of limitations on the collection of any penalty is expressly made applicable through Section 6703(c), a statute of limitations on assessments must necessarily apply since Section 6502 speaks in terms of the assessment of the penalty having been made within the period prescribed for the assessment.

The Fifth Circuit in *Sage* declined to adopt the plaintiff's arguments and instead found that "[j]ust as with other provisions of the Code enacted to combat fraud no limitations period exists for assessment of a Section 6700 penalty, and consequently no period of limitations is 'properly applicable thereto'. An assessment made at any time will trigger the Section 6502 period of limitations on collection." *Id.* at 25. The Fifth Circuit further commented that:

> Sage's argument in behalf of Section 6501(a)'s reach, though imaginative, depends too greatly on a filigree of interpretation too overworked to combat the stolid interpretation offered by the government. The government's position, with which we entirely agree, is that nothing in the Code cuts down the power of Section 6700, that that Section's concentration on capturing transactional fraud whenever occurring removes it from the stolid tax-return dependent world of Section 6501(a), and that, in any event ... it is not self-evident when the limitations period should begin to run. Our holding today doubtless falls athwart the fond hopes of many a taxpayer and it is, perhaps, cold comfort to note that the doctrine of laches does remain—the only curb on IRS penalty-assessment power under Section 6700.

*Id.*[13]

The Court in *Kuchan v. United States,* 679 F.Supp. 764 (N.D.Ill.1988) found, in addressing the issue of whether the statute of limitations in Section 6501(a) is applicable to Section 6701 penalties, that "[t]he main problem with applying § 6501(a) to penalties imposed under § 6701 is that § 6501(a) depends for its operation upon statute of limitations. *Id.* at 426. The Court explained:

> Section 6700 contains no specific statute of limitations and this Court is unwilling to construe the 3 year limitation period in Section 6501(a) for assessing taxes as a general statute of limitations. Section 6501(a) depends upon the filing of a tax return to begin the running of the limitations period. To the contrary, Section 6700 assessments do not depend on the filing of a tax return. Rather, assessment of 6700 penalties occur after the IRS becomes aware that an individual's activities are prohibited by Section 6700. As a practical matter, it would be difficult to ascertain when the limitation period should begin to run, i.e. when the prohibited activity took place or when the IRS became aware of the activity. *Id.* at 426–27

---

**12.** 26 U.S.C. § 6671(a) provides, in pertinent part:

> **(a) Penalty assessed as tax.**—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to "tax" imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter ...

**13.** The District Court for the District of Arizona faced the issue of the applicability of the Section 6501(a) three year statute of limitations to penalty assessments under Section 6700 in *Agbanc, Ltd. v. United States,* 707 F.Supp. 423 (D.Ariz. 1988). In *Agbanc,* the Court held that assessments under Section 6700 were not barred by a

the filing of a tax return and, ... § 6701 imposes no such requirement. Additionally, § 6703 entitled 'Rules applicable to penalties under sections 6700, 6701, and 6702' makes no mention of any statute of limitations for § 6501." *Id.* at 768.

The above-cited cases, while not expressly addressing the applicability of Section 2462 to Section 6701 penalty assessments, seem to stand for the proposition that Congress intended that penalties can be assessed pursuant to Sections 6700 and 6701 at any time. The Courts arrived at this conclusion by noting the absence of an express limitations period and the fact that Sections 6700 and 6701 are anti-fraud provisions in which Congress typically provides for unlimited periods of assessment.

The Court finds that Congress did not intend that the statute of limitations contained in Section 2462 apply to the assessment of penalties pursuant to Section 6701. As was emphasized above, the statute itself is silent as to a period of limitations. The legislative history behind the enactment of Section 6701 does not offer any direct evidence regarding the intent of Congress as to an applicable statute of limitations. However, the legislative history does shed some light on the purpose behind the statute's enactment. Senate Report Number 97–494 provides that:

> First, the penalty will permit more effective enforcement of the tax laws by discouraging those who would aid others in

the fraudulent underpayment of their tax. Second, it is inappropriate to impose sizeable civil fraud penalties on taxpayers but allow the advisors who aid or assist in the underpayment of tax to escape civil sanctions ... Finally, the committee believes the new penalty will help protect taxpayers from advisors who seek to profit by leading innocent taxpayers into fraudulent conduct.

S.Rep. No. 97–494, 97th Cong., 2d Sess. 275, 1982 U.S.Code Cong. & Admin.News 781, 1022. This excerpt from the legislative history indicates that Congress was interested in combatting fraud by imposing penalties on individuals who aid in the fraudulent underpayment of taxes. The legislative history signifies to this Court that it is appropriate to interpret this provision in light of other anti-fraud provisions of the Code.

In other antifraud provisions in the Internal Revenue Code, Congress has provided for unlimited periods within which to assess penalties. For example, 26 U.S.C. § 6501(c)(1) and (2) [14] provide that in the case of the filing of a false or fraudulent return with the intent to evade tax, or a willful attempt to evade tax, the tax may be assessed, or a proceeding in court for collection of the tax may be begun without assessment, at any time. Likewise, 26 U.S.C. § 6696(d)(1) [15] provides for an unlimited period of assessment or collection of a penalty imposed pursuant to 26 U.S.C. § 6694(b) [16] for the willful or reckless con-

---

**14.** 26 U.S.C. § 6501(c)(1) and (c)(2) provide as follows:

**(1) False return.**—In the case of a false or fraudulent return with the intent to evade tax, the tax may be assessed, or a proceeding in court for collection of such tax may be begun without assessment, at any time.

**(2) Willful attempt to evade tax.**—In case of a willful attempt in any manner to defeat or evade tax imposed by this title (other than tax imposed by subtitle A or B), the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

**15.** 26 U.S.C. § 6696(d)(1) provides:

**Assessment.**—The amount of any penalty under section 6694(a) or under section 6695 shall be assessed within 3 years after the return or claim for refund with respect to which the penalty is assessed was filed, and no pro-

ceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. In the case of any penalty under section 6694(b), the penalty may be assessed, or a proceeding in court for the collection of the penalty may be begun without assessment, at any time.

**16.** 26 U.S.C. § 6694(b) provides as follows:

**(b) Willful or reckless conduct.**—If any part of any understatement of liability with respect to any return or claim for refund is due—

(1) to a willful attempt in any manner to understate the liability for tax by a person who is an income tax return preparer with respect to such return or claim, or

(2) to any reckless or intentional disregard of rules or regulations by any such person, such person shall pay a penalty of $1,000 with respect to such return or claim. With respect to

duct of a tax return preparer in understating an individual's tax liability with respect to any return or claim for refund.

The United States argues that Congress' failure to include a statute of limitations is evidence of its intent that no statute of limitations apply, especially since Section 6701 is an anti-fraud provision of the Code and Congress typically provides for unlimited periods of assessment in anti-fraud provisions. Mullikin argues, in contrast, that Congress' failure to include an express unlimited statute of limitations is evidence that Congress intended some limitary period to apply to Section 6701 penalties because when Congress wants to provide for express unlimited limitations periods, it does so.

Although the Court recognizes that there may be some force to Mullikin's argument, the Court is of the view that Section 6701 should be interpreted in light of the purposes behind its enactment and the way in which Congress has treated penalty assessments for other anti-fraud provisions of the Code. These considerations, as well as additional considerations set forth below, lead the Court to the conclusion that no statute of limitations applies to Section 6701 penalty assessments.

As was noted above, the government is not subject to a statute of limitations on a cause of action in its favor unless the government expressly so provides. Likewise, a statute of limitations sought to be applied to bar a claim of the government must receive a strict construction. Section 2462, by its express terms, applies only in instances in which Congress has not otherwise provided for a statute of limitations; in the case of Section 6701 penalties, the Court finds that Congress has otherwise provided for a statute of limitations within the Internal Revenue Code and therefore, Section 2462 has no application.

It is the Court's view that it was the intent of Congress in enacting Section 6701

that there be no statute of limitations governing the assessment of penalties pursuant to Section 6701; once an assessment is made, however, the statute of limitations on the collection of assessed taxes set forth in Section 6502 applies. This Court construes Section 6701 in light of other anti-fraud provisions and finds that Congress intended that no limitations period apply to initial assessments of Section 6701 penalties. Application of Section 2462 to Section 6701 penalties is therefore contrary to the intent of Congress.

Section 6703(c), the statutory provision setting forth the rules applicable to penalties assessed pursuant to, *inter alia*, Section 6701, makes express reference to the suspension of the running of the period of limitations on collection provided in Section 6502. This express reference to Section 6502 within Section 6703(c) signifies to the Court that it was Congress' intent that a statute of limitations would come into play only upon an attempt to collect assessed penalties and that no statute of limitations would apply to the initial assessment of penalties.

Although this may seem a harsh result, the result is in accordance with jurisprudence regarding the applicability of statutes of limitations to causes of action in favor of the government. The result also furthers the interests of Congress in combatting fraud relating to the filing of various tax documents. It is not the duty of this Court to write statutes of limitations into statutes; rather, that is the duty of Congress.

The Court finds, for reasons set forth above, that the district court erred in applying the five year statute of limitations contained in Section 2462 to the assessment of penalties by the IRS pursuant to Section 6701. No statute of limitations is applicable to the assessment of Section 6701 penalties and consequently, such penalties may be assessed at any time.[17]

---

any return or claim, the amount of the penalty payable by any person by reason of this subsection shall be reduced by the amount of the penalty paid by such person by reason of subsection (a).

17. In light of the fact that the Court has found that Section 2462 is inapplicable to the assessment of penalties pursuant to Section 6701 because the intent of Congress was that no statute of limitations would apply to the initial assess-

### B. One Penalty Per Person Per Taxable Period.

 The Court next addresses the issue of whether the district court erred in finding that only one penalty per taxpayer per calendar year was properly assessable against Mullikin for the four Forms 941. Section 6701(b)(3) provides as follows:

**(b) Amount of penalty.—**

**(3) Only 1 penalty per person per period.**—If any person is subject to a penalty under subsection (a) with respect to any document relating to any taxpayer for any taxable period (or where there is no taxable period, any taxable event), such person shall not be subject to a penalty under subsection (a) with respect to any other document relating to such taxpayer for such taxable period (or event).

26 U.S.C. § 6701(b)(3) (1988).

The United States argues that the legislative history sheds no light on the meaning of the phrase "taxable period" but that the use of this phrase as opposed to the phrase "taxable year" clearly indicates that Congress did not intend to preclude the imposition of more than one penalty per calendar year in the case of taxes that are required to be reported and are assessed on a quarterly basis. Mullikin argues, on the other hand, that penalties are disfavored in the law and therefore any doubts concerning a penalty provision should be resolved in favor of those from whom the penalty is sought. Mullikin further argues that the Treasury Regulations provide that if a District Director so decides, an employer can be required to file its Forms 941 monthly, instead of quarterly, and if the United States' interpretation of the phrase "taxable period" is adopted, an individual could conceivably be assessed penalties in the amount of $120,000.00. The district court made reference to this latter argument raised by Mullikin in arriving at its conclusion that the phrase "taxable period" is the equivalent of "taxable year."

The statute itself does not explain the meaning of the phrase "taxable period" or whether the phrase "taxable period" is distinguishable from the phrase "taxable year." The legislative history is likewise of little help. The penalty provision is explained as follows:

This penalty, which is $1,000 for each return or other document ($5,000 in the case of returns and documents relating to the tax of a corporation) can be imposed whether or not the taxpayer knows of the understatement. The penalty can, however, be imposed only once for any taxable period (or taxable event) with respect to the taxpayer's actions in assisting any one person. Thus, someone who assists two individuals in preparing false documents would be liable for a $2,000 penalty whereas the penalty would be only $1,000 if he had advised in the preparation of two false documents for the same taxpayer.

S.Rep. No. 97–494, 97th Cong., 2d Sess. 276, 1982 U.S.Code Cong. & Admin.News 781, 1022. This passage from the legislative history is ambiguous at best and can be interpreted to support either party's position regarding the meaning of the phrase "taxable period."

The Court has uncovered no cases directly addressing the issue of whether Section 6701(b)(3) allows for the assessment of separate penalties for each of four quarterly false Forms 941 filed in a particular calendar year. Several courts have, however, generally addressed the meaning of the Section 6701(b)(3) penalty provision. The Eighth Circuit recently addressed the meaning of this statutory provision in *Mattingly v. United States*, 924 F.2d 785 (8th Cir.1991), a case in which Section 6701 penalties were assessed against the defendant-appellant for forty-six 1983 tax returns prepared by the defendant and eight carry-over returns prepared by defendant claiming tax credits that originated in 1983. *Id.* at 786. The Court in *Mattingly* addressed the issue of whether the IRS could proper-

---

ment of penalties, the Court need not address the arguments raised by the government that Section 2462 does not bar an assessment because an assessment is a purely administrative

act and not an action, suit or proceeding for the enforcement of any civil penalty within the meaning of Section 2462.

ly assess penalties based on the carryover returns as well as the tax returns.

The Court held in this regard that "when a § 6701 penalty is imposed with respect to an understatement document in one tax period, another penalty may not be imposed on a carryover document of the same taxpayer, based on the same original understatement." *Id.* at 793. In arriving at its conclusion, the Court stated that "[t]he provision clearly states that separate penalties may be imposed for violations involving different taxpayers in the same year. It is also clear that separate penalties may not be imposed for multiple documents in the same year involving the same taxpayer." *Id.* at 793. The Court determined that penalties could not properly be assessed for documents that related to the same taxpayer in the same taxable period or event. *Id.* The Court in *Mattingly* seemed to assume that the phrase "taxable period" was the equivalent of taxable year because the documents related to individual tax returns.

In another case that briefly addresses the issue of the number of penalties that may be assessed pursuant to Section 6701, *Emanuel v. United States,* 705 F.Supp. 434 (N.D.Ill.1989), the IRS assessed penalties against an individual for allegedly preparing or assisting in preparing sixty investors' income tax returns for the 1982 tax year as well as for tentative refunds carrying back unused tax credits to the years 1979 and 1980, and in one year carrying over to year 1983. The plaintiff alleged that the penalties based on the refund documents (Form 1045) were improper because they related to the 1982 tax period and the plaintiff was already penalized once for documents relating to the same individuals for the same period. The government made the argument that the 1045 Forms are treated as amendments to prior tax returns and therefore relate to the taxable period for which they act as amendments. The Court found, however, that "the documents at issue *relate* to the 1982 tax period, not the year for which [sic] it acts as an amendment ... Because the documents in issue here 'relate to' the year ended December 31, 1982, the government improperly computed the Section 6701 penalty." *Id.* at 438. Like the Court in *Mattingly,* the Court in *Emanuel* seemed to use the phrase "taxable period" to refer to "calendar year." However, in both cases, the documents related to the filing of individual income tax returns which necessarily relate to a particular calendar year. In contrast, the documents in the present case related to quarterly employment tax returns.

The Court finds, for the following reasons, that the district court erred in holding that the IRS improperly assessed separate penalties for each of the four Forms 941 prepared by Mullikin for the four quarters of 1982 and 1983. While the issue is certainly not free from debate, the Court concludes that by utilizing the phrase "taxable period," or if no taxable period then "taxable event," Congress intended to provide for the assessment of separate penalties for documents relating to quarterly employment tax filings. When enacting Section 6701, Congress certainly was aware of the Treasury Regulations providing for the quarterly,[18] or in some circumstances

---

18. Treasury Regulation § 31.6071(a)–1 provides:

**(a) Federal Insurance Contributions Act and income tax withheld from wages—(1) Quarterly or annual returns.** Except as provided in subparagraph (4) of this paragraph each return required to be made under § 31.-6011(a)–4, in respect of income tax withheld, shall be filed on or before the last day of the first calendar month following the period for which it is made. However, a return may be filed on or before the 10th day of the second calendar month following such period if timely deposits under section 6302(c) of the Code and the regulations thereunder have been made in full payment of such taxes due for the period. For the purpose of the preceding sentence, a deposit which is not required by such regulations in respect of the return period may be made on or before the last day of the first calendar month following the close of such period, and the timeliness of any deposit will be determined by the earliest date stamped on the applicable deposit form by an authorized financial institution or by a Federal Reserve bank.

**(2) Monthly tax returns.** Each return in respect of the taxes imposed by the Federal Insurance Contributions Act or of income tax withheld which is required to be made under paragraph (a) of § 31.6011(a)–5 shall be filed

monthly,[19] filing of employment tax returns. By use of the phrase "taxable period," it is the Court's view that Congress intended to provide for the assessment of separate penalties for documents that relate to separate quarterly tax returns. As the United States aptly points out, if Congress had intended that taxable period mean taxable year, then Congress would have clearly so stated.

The Court certainly recognizes the valid concern raised by plaintiff and the district court of the potential enormity of the penalties that could be assessed under Section 6701 and the potential for disproportionality between the penalties that could be assessed against an individual preparing tax documents for an employer required to make monthly filings versus the penalties that could be assessed against an individual preparing tax documents for an employer only required to make quarterly filings. It is this Court's duty, however, to follow Congress' intent when interpreting statutes and not to rewrite the statute in a way that this Court finds just. Congress chose to provide for the possibility of multiple penalties being assessed against an individual during a given year. Even if this Court were to disagree with this result, the Court would be bound to give effect to the statute as written. The Court additionally notes that although Mullikin's proportionality argument has some appeal, the government's counter argument to the effect that Congress would not have intended to immunize an individual who aids or assists a particular taxpayer in filing a series of false or fraudulent returns during a given calendar year from liability for more than one penalty, is of at least equal weight.

For the above-stated reasons, the Court finds that the district court erred in holding that the IRS could only properly assess one $10,000.00 penalty per calendar year against Mullikin for the filing of the four Forms 941. Contrary to the decision of the district court, this Court finds that Congress, in utilizing the phrase "taxable period," did not intend to limit the IRS to the assessment of only one penalty per calendar year. Rather, the Court finds that the IRS can properly assess a separate $10,000.00 penalty against Mullikin for each of the false Forms 941 prepared for the four quarters of 1982 and 1983.

The Court reverses the district court's grant of partial summary judgment in favor of Mullikin to the extent that the grant was based on the district court's determination that the IRS could only assess one $10,000.00 penalty against Mullikin based on the false Forms 941.

on or before the fifteenth day of the first calendar month following the period for which it is made.

**19.** Treasury Regulation § 31.6011(a)–5 provides, in pertinent part:

(a) **In general—(1) Requirement.** The provisions of this section are applicable in respect of the taxes reportable on Form 941, From 941PR, or Form 941VI pursuant to § 31.6011(a)–1 or § 31.6011(a)–4. An employer who is required by § 31.6011(a)–1 or § 31.6011(a)–4 to make quarterly returns on any such form shall, in lieu of making such quarterly returns, make returns of such taxes in accordance with the provisions of this section if he is so notified in writing by the district director. The district director may so notify any employer (i) who, by reason of notification as provided in § 301.7512–1 of this chapter (Regulations on Procedure and Administration), is required to comply with the provisions of such § 301.7512–1, or (ii) who has failed to (a) make any such return on Form 941, Form 941PR, or Form 941VI, (b) pay tax reportable on any such form, or (c) deposit any such tax as required under the provisions of § 31.6302(c)–1. Every employer so notified by the district director shall make a return for the calendar month in which the notice is received and for each calendar month thereafter (whether or not wages are paid in any such month) until he has filed a final return or is required to make quarterly returns pursuant to notification as provided in subparagraph (2) of this paragraph.

. . . . .

(2) **Termination of requirement.** The district director, in his discretion, may notify the employer in writing that he shall discontinue the filing of monthly returns under this section. If the employer is so notified, the last month for which a return shall be made under this section is the last month of the calendar quarter in which such notice of discontinuance is received. Thereafter, the employer shall make quarterly returns in accordance with the provisions of § 31.6011(a)–1 or § 31.6011(a)–4.

## IV. CONCLUSION

In sum, the Court finds that the district court erred in applying the five year statute of limitations contained in 28 U.S.C. § 2462 to the assessment of penalties by the IRS pursuant to 26 U.S.C. § 6701. The Court further finds that the district court erred in finding that the IRS could only assess one $10,000.00 penalty against Mullikin per calendar year for the filing of the four Forms 941 in 1982 and 1983.

The Court reverses the district court's judgment and remands this case to the district court with specific instructions that the district court issue an order in accordance with the decision of this court.

The judgment of the district court is hereby REVERSED and the case REMANDED for judgment in accordance with the decision of this Court.

BOGGS, Circuit Judge, concurring in part and dissenting in part.

I concur in part III. B of the court's opinion. However, I dissent from part III. A and would hold that a five-year statute of limitations applies to bar penalties for any action more than five years before the penalty assessments were made. The reasoning for applying the five-year statute of limitations of 28 U.S.C. § 2462 to the assessment of penalties in this case is quite straightforward. Section 2462 provides a catchall statute of limitations for all cases where the Internal Revenue Code does not otherwise provide such a statute (which includes, presumably, an explicitly unlimited period for prosecution). The parties all agree that the penalty assessment sections of 26 U.S.C. § 6701 contain no explicit statute of limitations.

The court's opinion argues at great length, and ably summarizes at pages 18–19, reasons why no statute of limitation *should*, in general theory, apply to the situation in this case. However, the two reasons so ably advanced: (1) statutes of limitations against actions by the government are not usually favored; and, (2) statutes of limitations do not generally apply to sections combating fraud, are both reasons that simply demonstrate why Congress *might* have not enacted a specific statute of limitations for the section in question.

However, in enacting 28 U.S.C. § 2462, the Congress *did* provide a statute of limitations that applies to cases brought by the government, and it did provide a statute of limitations that had effect over every section within its compass, whether or not that section could be construed as an antifraud provision. Section 2462 simply makes no such exception. By its own terms, it applies to proceedings to enforce "any civil ... penalty," "[e]xcept as otherwise provided by act of Congress...." Therefore, I cannot agree with the court's ingenious interpretation that what is clearly a "catch-all" statute does not in fact catch a clearly relevant section. I would hold that this section applies and that the IRS's action for penalty assessments against Mullikin is time-barred with regard to these penalties.[1]

It is particularly notable that many anti-fraud provisions explicitly provide for an unlimited statute of limitations. *See, e.g.,* 26 U.S.C. § 6501(c)(1) and (2); 26 U.S.C. § 6696(d)(1). Thus, the failure to include such an unlimited period in § 6701 is additional evidence that the explicit words of the catchall provision should apply. Indeed, it is ironic that the court refers, at page 929, to the concession by the IRS that "Congress[ ] fail[ed] to include ... a statute of limitations" in § 6701, yet on the very next page it "finds that Congress has otherwise provided for a statute of limitations...."

---

1. At page 929, footnote 17, the court's opinion states that there is no need to address the argument that § 2462 could not apply as a bar to an action on a penalty assessment because such assessment was neither an "action" nor a "proceeding for the enforcement of any civil penalty." I would reject this argument because the assessment is a prerequisite to, and thus part of, the measures for the enforcement of a civil penalty. It would seem quite odd to say that the very act that initiates the actions leading to the collection of the penalty, a stream of events that must at some point be a proceeding, is not itself part of the proceeding.