**William M. LEA, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–1180.

United States District Court,
W.D. Tennessee,
Eastern Division.

Jan. 31, 1995.

William M. Lea, Brownsville, TN, pro se.

Michael J. Martineau, U.S. Dept. of Justice, Tax Div., Washington, DC and Veronica Coleman, U.S. Atty., Memphis, TN, for defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT

TODD, District Judge.

This is a civil action brought by the Plaintiff, William M. Lea, pursuant to 28 U.S.C. § 1346(a)(1), for refund of a civil penalty allegedly erroneously assessed and collected by the Internal Revenue Service ("IRS") under 26 U.S.C. § 6701. Before the court is a motion for summary judgment on behalf of the United States. Plaintiff has responded to the motion.

■ On August 12, 1987, in the United States District Court for the Western District of Tennessee, Plaintiff, an accountant, was convicted of seven counts of violating 26 U.S.C. § 7206(2), aiding and assisting in the preparation of false tax returns. Plaintiff was sentenced to one year and one day imprisonment, and fined $1,000 on each of the seven counts. On March 26, 1990, the IRS assessed a civil penalty against the Plaintiff, pursuant to 26 U.S.C. § 6701, in the amount of $34,000.[1]

In April, 1990, Plaintiff paid 15% of the penalty, or $5,100, and filed a claim for refund and an abatement of the remainder, pursuant to 26 U.S.C. § 6703(c). The IRS denied the refund but abated $12,000 of the penalty that had been imposed for returns filed prior to the effective date of § 6701.

On April 22, 1992, after paying the entire assessed penalty in full, Plaintiff filed a second claim for a refund in the amount of $25,383.18 ($22,000 plus interest). The claim again was denied by the IRS. On September 27, 1993, Plaintiff filed this action for refund. In his complaint, Plaintiff alleges that the assessment of the § 6701 penalty is barred by the statute of limitations; and that the penalty constitutes a second punishment for the same offense, in violation of the Double Jeopardy Clause of the Fifth Amendment. The United States contends that there are no genuine issues of material fact, and that it is entitled to judgment as a matter of law.

Plaintiff first contends that the assessment of the civil penalty is barred by the statutes of limitation found in either 28 U.S.C. § 2462 (5 years) or 26 U.S.C. § 6501 (3 years), or by "other applicable principles of law." Plaintiff's position, however, was squarely rejected by the Court of Appeals for the Sixth Circuit in *Mullikin v. United States*, 952 F.2d 920, 925–29 (6th Cir.1991). The Court of Appeals held that it was Congress' intent that no statute of limitations apply to the initial assessment of civil penalties under 26 U.S.C. § 6701. *Id.* at 925–29. Thus, such assessments may be made at any time. Once an assessment is made, however, then the ten-year statute of limitations on the collection of assessed taxes applies. 26 U.S.C. § 6502. *Id.* at 929. Therefore, as the penalty in this case was assessed on March 26, 1990, the IRS would have had until March 26, 2000, in which to collect the penalty.

Plaintiff also contends that the civil penalty assessed by the IRS constitutes a punishment that is barred by the Double Jeopardy Clause of the Fifth Amendment. Plaintiff relies on the decision of the United States Supreme Court in *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989). The United States asserts that the civil penalty is not punitive, but remedial, and thus does not run afoul of the Double Jeopardy Clause.

In *Halper*, the Supreme Court stated:

---

**1.** The penalty was $10,000 for each of three corporate taxable years and $1,000 for each of

four individual taxable years.

[T]he determination whether a given civil sanction constitutes punishment in the relevant sense requires a particularized assessment of the penalty imposed and the purposes that the penalty may fairly be said to serve....

... We therefore hold that under the Double Jeopardy Clause a defendant who already has been punished in a criminal prosecution may not be subjected to an additional civil sanction to the extent that the second sanction may not fairly be characterized as remedial, but only as a deterrent or retribution.

490 U.S. at 448–49, 109 S.Ct. at 1902. The Court further recognized that:

[T]his inquiry will not be an exact pursuit.... the precise amount of the Government's damages and costs may prove to be difficult, if not impossible, to ascertain. [Citation omitted.] Similarly, it would be difficult if not impossible in many cases for a court to determine the precise dollar figure at which a civil sanction has accomplished its remedial purpose of making the Government whole, but beyond which the sanction takes on the quality of punishment. In other words, ... the process ... inevitably involves an element of rough justice....

... What we announce now is a rule for the rare case, ... where a fixed-penalty provision subjects [the offender] to a sanction overwhelmingly disproportionate to the damages he has caused. The rule is one of reason: Where a defendant previously has sustained a criminal penalty and the civil penalty sought in the subsequent proceeding bears no rational relation to the goal of compensating the Government for its loss, but rather appears to qualify as "punishment" in the plain meaning of the word, then the defendant is entitled to an accounting of the Government's damages and costs to determine if the penalty sought in fact constitutes a second punishment.

Id. at 449–50, 109 S.Ct. at 1902.

In this case, it is clear that the civil penalty is remedial in nature rather than punitive, serving the purpose of compensating the United States for its losses. The tax losses which the Plaintiff helped cause amounted to over $160,000. In addition, evidence submitted by the United States shows that the case required months of investigation by government agents and weeks of preparation for trial by the Assistant United States Attorney, plus the eight days of the trial itself. Under these circumstances, a civil penalty of $22,000 is by no means "overwhelmingly disproportionate" to the damage caused.

The United States' motion for summary judgment is GRANTED.

IT IS SO ORDERED.